IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01919-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

RONALD HAROLD,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
MICHAEL HANCOCK, in his official capacity as Mayor of City and County of Denver,
DENVER DEPARTMENT OF HUMANS SERVICES,
DON MARES, in his individual capacity and official capacity as head of Denver
    Department of Human Services,
DENVER DEPARTMENT OF HUMAN SERVICES, ADULT PROTECTION UNIT,
JUANITA-RIOS JOHNSTON, in her individual capacity and official capacity as head of
    Denver Department of Human Services, Adult Protection Unit,
QUALITY PARTNERS HEALTH CARE SERVICES, LLC, a Colorado corporation d/b/a
    Vivage Quality Health Care Partners,
VIVAGE QUALITY HEALTH CARE PARTNERS, Agent for Defendant Quality Partners
    Health Care Services, LLC,
JAY MOSKOWITZ, in his official capacity as CEO of Vivage Quality Health Care
    Partners,
HIGHLINE REHABILITATION & CARE CENTER,
JEFFREY A. RICHARDSON, individually and in his official capacity as Highline
    Rehabilitation and Care Community Administrator,
KIM P. RUSSELL, individually, and in her official capacity as Denver Department of
    Human Services Adult Protection Unit Senior Caseworker, and in her official
    capacity as Guardian of Olive Harold,
LISA MARIE DEPONIO, individually, and in her official capacity as Denver Department
    of Human Services Guardian Ad Litem of Olive Harold,
DAVID M. BERNHART, JR., ESQ., individually, and in his official capacity as Assistant
    City Attorney, Department of Law, Denver Human Services, City and County of
    Denver,
REBECCA PARKER, individually, and in her official capacity as social worker at
    Highline Rehabilitation and Care Community, Denver, Co.,
TAMMY MONTGOMERY, individually, and in her official capacity as Director of Nursing
    at Highline Rehabilitation and Care Community, Denver, Co.,
ERIN EGAN, individually, and in her official capacity as Medicaid physician at Highline
    Rehabilitation and Care Community, Denver, Co.,
STACY GIBBS, individually, and in her official capacity as Speech Therapy Dept. Chief
    at Highline Rehabilitation and Care Community, Denver, Co.,
STATE OF COLORADO,

JOHN HICKENLOOPER, in his official capacity as Governor of State of Colorado,
ELIZABETH D. LEITH, individually, and in her official capacity as Denver County
    Probate Court Judge

    Defendants.

---

### SECOND ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND TO FILE AN AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

Plaintiffs, Ronald and Olive Harold, initiated this action on September 3, 2015, by filing *pro se* a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3). On September 25, 2015, this Court determined the submitted documents were deficient and ordered the Plaintiffs to cure designated deficiencies if they wished to pursue their claims. (ECF No. 6). On October 23, 2015, Plaintiff Ronald Harold submitted an amended complaint, naming only himself as the Plaintiff. (ECF No. 7). The 190 page amended complaint lists eighteen claims for relief against twenty-one defendants. Plaintiff also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). (ECF No. 8).

As part of the Court's initial review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the amended complaint is deficient as described in this Order. As it appears Plaintiff was attempting to cure the designated deficiencies, the court will allow Plaintiff one additional opportunity to cure the following if he wishes to pursue any claims in this Court in this action. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)   __   is not submitted
(2)   __   is not on proper form (must use the federal Court's current form, which can be found at www.cod.uscourts.gov).

(3)  __   is missing original signature by Plaintiff
(4)  __   is missing affidavit
(5)  __   affidavit is incomplete
(6)  __   affidavit is not properly notarized
(7)  __   names in caption do not match names in caption of complaint, petition or application
(8)  __   other:

**Complaint or Petition**:
(9)   __   is not submitted
(10)  X   is not on proper form (must use the court's current form)
(11)  __   is missing an original signature by the Plaintiff
(12)  __   is incomplete
(13)  __   uses et al. instead of listing all parties in caption
(14)  __   names in caption do not match names in text of Complaint
(15)  __   addresses must be provided for all defendants in "Section A. Parties" of complaint, petition or habeas application
(16)  __   other:

The Court must construe the Amended Complaint liberally because Mr. Harold is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Harold will be ordered to file an Amended Complaint if he wishes to pursue his claims in this action.

First, the Amended Complaint is not on the proper court-approved form.  Local Civil Rules 1.2 and 5.1(c) for this Court require *pro se* litigants to use the court-approved forms found on the Court's website.  The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for plaintiff's noncompliance with local rules requiring use

of proper court-approved form to file complaint and district court's order to comply).

Next, the Amended Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. Mr. Harold's 190 page Amended Complaint is unnecessarily repetitive and verbose.

Further, in order to state a claim in federal court, Mr. Harold "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in

4

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Harold must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Finally, it is unclear if and how all of the Defendants were acting under "color of

state law," which is necessary to proceed with a § 1983 action. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Harold should name as defendants in the amended amended Complaint only those persons that he contends were acting under color of state law and actually violated his federal constitutional rights.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Amended Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Harold will be given an opportunity to cure the deficiencies by submitting an Amended Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, alleges specific facts that demonstrate how each named defendant was acting under color of state law and personally participated in the asserted constitutional violations, and complies with the Local Rules of Practice for this Court. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Complaint.

Accordingly, it is

ORDERED that Mr. Harold cure the designated deficiencies and file **within thirty (30) days from the date of this order** a Second Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil

6

Procedure as discussed in this order.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved form for filing a  Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use that form in curing the designated deficiencies and filing a Second Amended Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file a Second Amended Complaint as directed **within thirty days from the date of this order**, the Amended Complaint and action may be dismissed without further notice.

DATED November 18, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

GORDON P. GALLAGHER
United States Magistrate Judge