IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01919-GPG

RONALD HAROLD,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
MICHAEL HANCOCK, in his official capacity as Mayor of City and County of Denver,
DENVER DEPARTMENT OF HUMANS SERVICES,
DON MARES, in his individual capacity and official capacity as head of Denver
    Department of Human Services,
DENVER DEPARTMENT OF HUMAN SERVICES, ADULT PROTECTION UNIT,
JUANITA-RIOS JOHNSTON, in her individual capacity and official capacity as head of
    Denver Department of Human Services, Adult Protection Unit,
QUALITY PARTNERS HEALTH CARE SERVICES, LLC, a Colorado corporation d/b/a
    Vivage Quality Health Care Partners,
VIVAGE QUALITY HEALTH CARE PARTNERS, Agent for Defendant Quality Partners
    Health Care Services, LLC,
JAY MOSKOWITZ, in his official capacity as CEO of Vivage Quality Health Care
    Partners,
HIGHLINE REHABILITATION & CARE CENTER,
JEFFREY A. RICHARDSON, individually and in his official capacity as Highline
    Rehabilitation and Care Community Administrator,
KIM P. RUSSELL, individually, and in her official capacity as Denver Department of
    Human Services Adult Protection Unit Senior Caseworker, and in her official
    capacity as Guardian of Olive Harold,
LISA MARIE DEPONIO, individually, and in her official capacity as Denver Department of
    Human Services Guardian Ad Litem of Olive Harold,
DAVID M. BERNHART, JR., ESQ., individually, and in his official capacity as Assistant
    City Attorney, Department of Law, Denver Human Services, City and County of
    Denver,
REBECCA PARKER, individually, and in her official capacity as social worker at Highline
    Rehabilitation and Care Community, Denver, Co.,
TAMMY MONTGOMERY, individually, and in her official capacity as Director of Nursing
    at Highline Rehabilitation and Care Community, Denver, Co.,
ERIN EGAN, individually, and in her official capacity as Medicaid physician at Highline
    Rehabilitation and Care Community, Denver, Co.,

STACY GIBBS, individually, and in her official capacity as Speech Therapy Dept. Chief at Highline Rehabilitation and Care Community, Denver, Co.,
STATE OF COLORADO,
JOHN HICKENLOOPER, in his official capacity as Governor of State of Colorado,
ELIZABETH D. LEITH, individually, and in her official capacity as Denver County Probate Court Judge

Defendants.

ORDER

This matter is before the Court on Plaintiff's "Emergency Motion for a Stay of Action" (ECF No. 12) and "Emergency Motion to Relocate Plaintiff's Wife, Olive Harold to another Nursing Facility" (ECF No. 13), both filed on November 12, 2015.  The Court must construe the motions liberally because Mr. Harold is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

**I.    Background**

Mr. Harold has filed a 190 page Amended Complaint asserting eighteen claims for relief against twenty-one defendants. (ECF No. 7).   The allegations surround the fact that Plaintiff is not allowed to see his eighty-seven year old wife, who is currently a ward of the state and residing at a nursing and rehabilitation facility.   Plaintiff also has complaints about his wife's care at the nursing and rehabilitation facility.   On November 18, 2015, this Court ordered Mr. Harold to file his complaint on the court-approved form and to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 14).

In his Motion to Stay, Mr. Harold requests this Court to stay an Order of a Denver Probate Judge which prevents him from seeing his wife.   Specifically, Plaintiff requests this court to stay Defendant Judge Leith's Permanent Civil Protection Order In Re: Olive Harold, Denver Probate Court Case No. 2104-PR-31444, and to allow Mr. Harold to visit and communicate with his wife, Olive Harold.   According to Plaintiff, at a September 9, 2015 hearing in Denver Probate Court, "Defendants falsely testified against Plaintiff that Plaintiff used food as a weapon to possibly harm and possibly kill his wife, Olive Harold, namely thin liquids, namely tea and water." (ECF No. 12 at 10).

In his Motion to Relocate his wife, Plaintiff requests this court to order his wife to be transferred to another nursing facility.   Plaintiff admits that he requested similar relief in a motion filed with the Denver Probate Court.   The Denver Probate Court denied his motion on September 30, 2015.

**II.     Analysis**

This court is without jurisdiction to overturn decisions of the Denver Probate Court. The *Rooker-Feldman* doctrine provides that lower federal courts are without subject matter jurisdiction to hear claims actually decided by a state court, or claims that are "inextricably intertwined" with a state court judgment. *See Haas v. Stewart*, No. 05-cv-02556-MSK-CBS, 2006 U.S. Dist. LEXIS 69290, *8-11 (D. Colo. Sept. 15, 2006); *Guttman v. Khalsa*, 401 F.3d 1170, 1173 (10th Cir. 2005).   The doctrine exists to prevent a party losing in state court from seeking what, in substance, would be appellate review of a state court decision in a United States District Court, based on the losing party's claim that the state court order itself violates the loser's federal rights. *Id.* In determining

whether claims of constitutional violations are "inextricably intertwined" with the state court proceedings, the Court inquires whether the state court judgment caused, actually and proximately, the injury for which the Plaintiffs seek redress. *Id.* Interlocutory orders by a state court are subject to the same *Rooker-Feldman* protection as are final judgments of those courts. *Haas v. Stewart*, No. 05-cv-02556-MSK-CBS, 2006 U.S. Dist. LEXIS 69290, at *10-11 (citing *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 319-20 (4th Cir. 2003); *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 462-63 (6th Cir. 2003)).

In this case, it is clear that Plaintiff is attempting to get this federal court to overturn decisions made by the Denver Probate Court.   Such attempt is barred by the *Rooker-Feldman* doctrine and, therefore, Plaintiff's Motion to Stay and Motion to Move will be denied.   If Mr. Harold disagrees with the Denver Probate Court's decisions, he should appeal to the proper state court.

Accordingly, it is

ORDERED that the "Emergency Motion for a Stay of Action" (ECF No. 12) and "Emergency Motion to Relocate Plaintiff's Wife, Olive Harold to another Nursing Facility" (ECF No. 13) are DENIED.

DATED at Denver, Colorado, this   23rd   day of    November   , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court